MILLS, Judge.
Godwin appeals from a final order of the Construction Industry Licensing Board (Board). He challenges the Board’s revocation of his plumbing contractor’s license. We affirm the revocation.
In December 1980, Godwin applied to take the certified contractor’s examination in order to become licensed as a plumbing contractor. He passed the examination and received his license.
Later, the Board filed an administrative complaint against Godwin alleging, among other things, that he gave an untruthful answer to a question on the application numbered 7(c). That question is:
Are there now any liens, suits, or judgments of record or pending as a result of the construction operations of any person named in “(i) below” or any organization in which any such person was a member of the personnel?
If so, attach a detailed statement including the names and addresses of the litigants in current litigation, the names and addresses of persons who have filed liens or who have recorded judgments, and the monetary sums involved. (For the purpose of this question, an obligation is not satisfied by a discharge from bankruptcy of the bar of the statute of limitations.)
The reference in 7(c) to “(i) below” refers to 7(i) which states:
If an individual, the applicant; if a partnership, the applicant and the partner; if a corporation, the applicant, the president, vice-president and secretary.
The Board sought disciplinary action not only against Godwin’s plumbing license, but also against an air conditioning contractor’s license he also held. The case came up for a hearing pursuant to Section 120.57, Florida Statutes (1983).
At the hearing, Godwin admitted that at the time he filled out the application he had two money judgments against him personally. The judgments arose as a result of his former contracting partnership. God-win testified he was confused and did not understand that the information sought in 7(c) pertained to former partnerships or other previous business entities.
The hearing officer made several findings relevant to this appeal. First, he found Godwin “answered the question about the judgments in the negative, although he was aware of the judgments at the time he filled out the application, and intentionally withheld the information.” From this finding, the hearing officer concluded Godwin violated Section 489.-127(l)(d), Florida Statutes, and thereby Section 489.129(l)(j), Florida Statutes. However, the hearing officer also stated, “The evidence introduced at the hearing tends to show that the Respondent’s current business is financially responsible_ The Respondent is basically an honest contractor who is operating what appears to be a fiscally sound business.”
The hearing officer recommended the Board take no action against the air conditioning contractor’s license, but revoke the *228 plumbing contractor’s license with leave for Godwin to file a complete and correct application for the Board’s consideration. The Board adopted the recommended order in full.
Godwin first contends the finding that he intentionally withheld information concerning judgments against him is not supported by competent substantial evidence. He argues the evidence only showed he was confused about question 7(c). Intent is normally a question of fact. In State v. West, 262 So.2d 457, at 458 (Fla. 4th DCA 1972), the court put it this way:
Being a state of mind, intent is usually a question of fact to be determined by the trier of fact. The trier of fact has the opportunity to observe the witnesses. From that observation, the trier of fact may determine the believability of that witness and the weight to be given his testimony. The demeanor of the witness, his frankness, or lack of frankness, his intelligence, his interest in the outcome of the case, and the reasonableness of the testimony presented, in the light of all the evidence in the case, are but a few of those factors which may play a part in making that determination.
Given the factfinder’s superior vantage point in determining intent, it is appropriate in the context of administrative law that the reviewing court be limited to determining whether a finding of intent is supported by competent substantial evidence. See, Section 120.68(10), Florida Statutes (1983).
There is evidence in the record that God-win is an experienced businessman who, at one time, was a certified public accountant. In addition, Godwin signed the application in the space provided for “signature of applicant,” and also signed as corporate president in a space provided for the signature of an officer of the qualifying corporation. The evidence of Godwin’s background indicates he was capable of understanding question 7(c); the evidence of his signatures indicates he in fact understood he was the applicant and an officer of the qualifying corporation as referred to in 7(i). Together, this evidence competently and substantially supports the finding that Godwin intentionally withheld the information sought by question 7(c).
Godwin reminds us that a reviewing court’s determination of what constitutes “competent substantial evidence” under the Administrative Procedure Act is not perfunctory, especially in license revocation proceedings. Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981). We acknowledge that the nature of the proceeding and the severity of the penalty influence the determination. Nevertheless, we find the evidence in this case competent and substantial.
Next, Godwin contends the Board exceeded its statutory authority when it revoked his license. He argues that given the findings concerning his honesty and the fiscal soundness of his business, license revocation is an exercise of power beyond the Board’s statutory authority since the Board’s function is to protect the public health, safety, and welfare by screening out incompetent or dishonest contractors. Section 489.101, Florida Statutes (1983).
The Board adopted the hearing officer’s findings that the evidence tends to show Godwin’s current business is financially responsible, that his business appears fiscally sound, and that he is basically an honest contractor. These general and qualified findings, however, do not prevent the Board from revoking a license where the Board also finds the licensee has violated a statute providing for license revocation.
The Board adopted the hearing officer’s conclusion that Godwin violated Section 489.127(l)(d) and thereby Section 489.-129(l)(j). Section 489.129(l)(j) allows the Board to revoke a contractor’s license for “failure in any material respect to comply with the provisions of this act.” Section 489.127(l)(d) prohibits giving “false or forged evidence to the board or a member thereof for the purpose of obtaining a certificate or registration.” Godwin does not argue that if he answered question 7(c) in the negative with the intent to withhold the *229 information sought, he did not violate Section 489.127(l)(d). Neither does he argue that a violation of Section 489.127(l)(d) is not a material failure to comply within the meaning of Section 489.129(l)(j).
Because we have concluded that the finding that Godwin intentionally withheld information concerning judgments against him is supported by competent substantial evidence, and because the Board’s determination that such activity amounts to a violation of Section 489.127(l)(d) and thereby Section 489.129(l)(j) is unchallenged, we hold the Board did not exceed its statutory authority when it revoked Godwin’s license.
AFFIRMED.
ERVIN, C.J., and ZEHMER, J., concur.