COWART, Judge.
Appellant, an employer, appeals an order of the Unemployment Appeals Commission which found an employee entitled to unemployment benefits. The Unemployment Appeals Commission reversed the appeals referee’s finding that the employee was properly discharged for misconduct.
Section 443.036(24), Florida Statutes, defines “misconduct” as:
(24) MISCONDUCT — “Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.
In the instant case, the behavior which forms the basis of the employee’s termination consisted of the employee’s failure to list previous injuries on his job application and the employee’s bringing glass containers on the job site in violation of the company’s safety rules.
The appeals referee found the employee guilty of misconduct and determined that:
The record and evidence in this case show that the claimant was discharged for having received four written warnings. Testimony showed that the first two incidents were questionable as to the validity of the offenses. However, the remaining two incidents were serious enough, in themselves, to call for discharge. Of particular concern were the previous injuries not listed by the claimant at the time of application. The claimant’s explanation that the employer did not stress the importance of reporting previous injuries is not convincing to the referee. The proper answer was either yes or no as to whether or not he had experienced prior injuries. The employer’s worker’s compensation rates were at issue. Therefore, it can only be concluded that the claimant was discharged for misconduct connected with work.
The Commission’s reversal is based on a disagreement with the appeals referee as to the weight and meaning of testimony of the employee as to the employee’s mental impression and recollection about when the employer first learned of the employee’s omission on his job application. Contrary to the appeals referee’s understanding of some testimony of the employee, the Commission interpreted that testimony to “establish” that the employer learned of the employee’s omissions on the employee’s employment application months before the employee was discharged. The Commission also concluded that because the employee did not bring glass containers on the job site after being warned there was no misconduct in the first instance. These findings are contrary to the facts found by the referee. The Commission can only reverse the findings and conclusions of the referee when there is no competent, substantial evidence to support the referee’s finding. Lewis v. Unemployment Appeals Commission, 498 So.2d 608 (Fla. 5th DCA 1986).
The evidence supports the referee’s finding that the employee’s failure to inform his employer of past injuries and the employee’s violation of company safety rules constituted misconduct. Accordingly, the Commission’s order is reversed and the cause is remanded to the Commission with directions to approve the appeals referee’s *66 conclusion that the employee was discharged for misconduct.
REVERSED and REMANDED.
SHARP, C.J., concurs.
UPCHURCH, FRANK D., Jr., Judge, Retired, dissents with opinion.