658 So.2d 185 (1995)
Judy E. PROFFITT, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellee.
No. 94-263.
District Court of Appeal of Florida, Fifth District.
August 4, 1995.
*186 Douglas T. Noah of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for appellant.
William T. Moore, Tallahassee, for appellee.
THOMPSON, Judge.
Judy E. Proffitt appeals a final order of the Unemployment Appeals Commission ("UAC") which affirmed the decision of the appeals referee. The referee found that Proffitt was not eligible for unemployment compensation benefits because she was discharged from work for the misconduct of falsifying her employment application with Gooding's Supermarket, Inc. ("Gooding's"). We reverse because Gooding's failed to meet its burden of proving that Proffitt's actions constituted misconduct.
Proffitt applied for employment at Gooding's as a meat wrapper. She completed an employment application and answered "no" to the question, "Have you [ever] been convicted of a felony?" Proffitt was hired, and she worked for Gooding's for three years. Subsequently, Gooding's learned that Proffitt had pled guilty to second-degree theft, a felony. Gooding's terminated Proffitt's employment for the misrepresentation on her application, which Gooding's deemed to constitute misconduct.
Proffitt applied for unemployment compensation benefits with the Florida Department of Labor and Employment Security. The claims adjudicator found that Proffitt was discharged for a reason other than misconduct connected with work and ordered that benefits be paid to her. Gooding's appealed, and an appeals referee conducted a hearing. At the hearing, the evidence established that Proffitt entered a plea to a second-degree grand theft charge which arose when Proffitt wrote a bad check. As a result of her plea, the circuit court withheld an adjudication of guilt and placed Proffitt on probation for two years with the special condition that she pay a $15 fine. This event occurred six years before Proffitt went to work for Gooding's. Proffitt testified that, at the time of her plea and disposition, the circuit judge told Proffitt that she could answer "no" to the question of whether she had been convicted of a felony because an adjudication of guilt had been withheld.
*187 The appeals referee reversed the decision of the claims adjudicator based on the referee's findings that Proffitt was convicted of a felony, that Proffitt falsified her employment application, and, thus, that Proffitt was discharged for misconduct connected with work. The UAC affirmed the appeals referee's decision.
The UAC's denial of benefits was based upon the definition of misconduct contained in section 443.036(26) of the Florida Statutes, which states:
(26) MISCONDUCT.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of [an] employee; ... .
§ 443.036(26), Fla. Stat. (1993). In order to constitute misconduct under this section, the claimant's action must be more than an error in judgment or discretion, and the employer must prove that the employee's action was willful, wanton, or deliberate. Lewis v. Unemployment Appeals Comm'n, 498 So.2d 608, 609 (Fla. 5th DCA 1986). Because of the confusion concerning the term "conviction" in Florida, we conclude that Gooding's failed to meet its burden of proving that Proffitt's actions were willful, wanton, or deliberate such as to constitute misconduct.
This court previously has considered the issue of whether an adjudication withheld is a conviction. For example, this court has noted that the Florida Supreme Court "has distinguished a `judgment of conviction' (which requires an adjudication) from a `conviction' (which does not necessarily require an adjudication)." Smith v. Bartlett, 570 So.2d 360, 361 (Fla. 5th DCA 1990) (citing State v. Gazda, 257 So.2d 242, 243-44 (Fla. 1971)), review denied, 581 So.2d 1310 (Fla. 1991). In Smith, which involved section 775.089(8), Florida Statutes (1989), we held that one who pleads guilty or is found guilty by a jury has been "convicted," even in the absence of an adjudication. In contrast, in a case involving a different statute, this court held that the defendant had not been convicted. Clinger v. State, 533 So.2d 315, 316 (Fla. 5th DCA 1988). In Clinger, the defendant was not adjudicated guilty and no judgment of conviction was entered because the imposition of sentence had been stayed and withheld and the defendant placed on probation under section 948.01(3) of the Florida Statutes. Under those circumstances, we concluded that no costs of prosecution could be included and entered in the judgment against the defendant, inasmuch as no judgment was rendered and the defendant was not a convicted person within the statute. These cases demonstrate, therefore, that the term "conviction" has different meanings in Florida.
In determining whether misconduct has occurred which disqualifies a claimant from receiving unemployment compensation benefits, the statutes should be liberally construed in favor of the claimant to accomplish their purpose to promote employment security. Hummer v. Unemployment Appeals Comm'n, 573 So.2d 135, 137 (Fla. 5th DCA 1991); § 443.031, Fla. Stat. (1993). In this case, the appeals referee's determination of misconduct was not supported by competent, substantial evidence. See Signal Applied Technologies, Inc. v. Finley, 519 So.2d 64, 65 (Fla. 5th DCA 1988). The UAC assumed that Proffitt's failure to disclose the guilty plea was an intentional falsification of the employment application's question regarding prior felony convictions; however, the evidence failed to demonstrate that Proffitt's response was an intentional falsification because it was undisputed that, after accepting Proffitt's guilty plea, the circuit court withheld an adjudication of guilt. Even if an adjudication withheld was the same as a conviction for some purposes, there was no misconduct because Proffitt's response was based on a legitimate interpretation of the word "conviction." At best, the definition of "conviction" in Florida is ambiguous not only for a lay person, but for lawyers and judges as well. Based upon the ambiguity of the word "conviction" in Florida's judicial system, we cannot conclude that Proffitt committed misconduct when she wrote that she *188 had not been convicted of a felony. Accordingly, we reverse the UAC's decision.
REVERSED.
W. SHARP and GOSHORN, JJ., concur.