680 So.2d 1073 (1996)
Josephine D. JOHNSON, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellee.
No. 95-1729.
District Court of Appeal of Florida, Fifth District.
October 4, 1996.
Josephine D. Johnson, Winter Garden, pro se.
John D. Maher, Tallahassee, for Appellee.
HARRIS, Judge.
While we agree that dishonesty is and should be grounds for dismissal and denial of benefits, there are some casesand this is one of themwhen the actor's intent simply is not that clear and we must rely on the factfinder's determination as to whether the misrepresentation was willful.
*1074 These are the facts determined by the hearing officer and adopted by the Board in its brief:
The Claimant applied for work in 1989 with this employer. She was hired, and continued to work until January 24, 1995. In August 1994, the claimant submitted her fingerprints pursuant to an application for a substitute position. She knew she had to submit to the fingerprint process. After she submitted her fingerprints, the claimant was later asked about a conviction in 1980 which turned up during the fingerprint and investigation process.
The claimant was involved in an incident on September 19[80]. She was charged with aggravated assault, and charged with affray over an incident that stemmed from [a] theft that involved her blind father as perpetrated by a neighbor. The aggravated assault charge was not prosecuted, but the claimant later pled nolo contendere in a court hearing that followed. She was represented by a public defender when she pled nolo contendere and was required to pay a fine of $88.75.
When she initially applied for employment in 1989 with this employer, her application required her to disclose criminal offenses or pending criminal offenses. The question of the application read as: "Have you ever been convicted or had adjudication withheld in a criminal offense other than a minor traffic violation or are there any criminal charges now pending against you other than a minor traffic violation?" The claimant marked the question, "No," believing that she had never been convicted of a criminal offense (Emphasis added.)
Because of the reports that were generated from the fingerprint process, the claimant was later asked by the employer to provide statements on this matter. She complied. She was then told by written letter that she was being recommended for termination for falsifying her application. She was informed that she could appeal the recommendation, and she did. She was unsuccessful in appealing the recommendation, and was discharged on January 24, 1995, for failing to disclose her arrest in 1980, and plea of nolo contendere to the affray charge, Florida Statute Section 870.01. The claimant believed that her plea in court did not amount to a conviction as she was not "imprisoned" because of her plea. (Emphasis added.)
The foregoing demonstrates that the hearing officer did not believe that the claimant intentionally falsified her employment application. For that reason, the hearing officer determined that the claimant was entitled to benefits. Even though the U.A.C. rejected this finding in reversing the hearing officer, the claimant's testimony in the record is sufficient support for this finding of fact by the hearing officer and binds the Commission on review.
A similar issue was before the court in Godwin v. Department of Professional Regulation, 461 So.2d 226, 227-228 (Fla. 1st DCA 1984), a license revocation case. In that case, the contractor who had failed to disclose previous judgments on his application testified that he did not believe that the information sought pertained to a former partnership. The hearing officer disagreed and found a deliberate falsification. The court held:
Being a state of mind, intent is usually a question of fact to be determined by the trier of fact. The trier of fact has the opportunity to observe the witness. From that observation, the trier of fact may determine the believability of that witness and the weight to be given his testimony. The demeanor of the witness, his frankness, or lack of frankness, his intelligence, his interest in the outcome of the case, and the reasonableness of the testimony presented, in the light of all the evidence in the case, are but a few of those factors which may play a part in making that determination.
Given the factfinder's superior vantage point in determining intent, it is appropriate in the context of administrative law that the reviewing court be limited to determining whether a finding of intent is supported by competent substantial evidence.
If a finding of intent to misrepresent is appropriately left to the factfinder, so also should the finding of no such intent. In our *1075 case, we have a hearing officer who made the determination that the claimant was truthful in her denial of intentionally misrepresenting her criminal background on her job application. There is record support for this finding. First, of course, is the claimant's testimony. Second, her job performance over the six years that she worked for the Board vouches for her credibility because she was being considered for a better position when the misstatement on the application was discovered. Third, the misdemeanor left off claimant's application, affray, does not itself involve an issue of dishonesty or untruthfulness. Instead, it merely shows that the claimant (some sixteen years earlier) suffered the very human frailty of overreacting to the abuse of her blind father. The fact that she has had no other legal problems within the past sixteen years also speaks to her character and veracity.
REVERSED for reinstatement of benefits.
GOSHORN, J., concurs.
THOMPSON, J., dissents, with opinion.
THOMPSON, Judge, dissenting.
I respectfully dissent. Josephine D. Johnson appeals a final order of the Unemployment Appeals Commission ("UAC") which reversed the decision of the appeals referee. The UAC found that Johnson was not eligible for unemployment benefits because she had been discharged from work for misconduct. The Orange County School Board ("Board") alleged that Johnson falsified her employment application when she wrote she had never had a conviction or an adjudication withheld in a criminal case. The Board learned that approximately 10 years before her employment with the Board, Johnson entered a plea of nolo contendere to the charge of affray,[1] a first degree misdemeanor, paid a fine, and had adjudication withheld. The hearing officer found that Johnson should receive benefits because she had not committed misconduct connected with her work. Johnson alleges that she thought the term conviction meant that she had served time in jail or in prison. She argues she did not willfully or wantonly disregard her employer's interest because she was not attempting to mislead her employer. I would affirm the UAC's determination that Johnson committed misconduct in completing the application.
Section 443.101(1)(a)2., Florida Statutes (1995), disqualifies from unemployment benefits those persons who have been discharged due to misconduct connected with their employment. Section 443.036(26), Florida Statutes (1995), defines misconduct as:
MISCONDUCT."Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
There is no doubt that falsifying an employment application is misconduct, a basis for termination, and disqualifies a worker from benefits. See Signal Applied Technologies, Inc. v. Finley, 519 So.2d 64 (Fla. 5th DCA 1988); Ordnance Research, Inc. v. Sterling, 475 So.2d 954 (Fla. 1st DCA 1985); § 443.101(1)(a), Fla. Stat. (1995). Further, although not invoked in this case, section 443.101(9)(b), Florida Statutes reads:
If the division or the Unemployment Appeals Commission finds that the individual was terminated from work for any dishonest act in connection with his work, the individual shall not be entitled to unemployment compensation for up to 52 weeks, pursuant to rules adopted by the division, and until he has earned income equal to or in excess of 17 times his weekly benefit amount. In addition, should the employer *1076 terminate an individual as a result of a dishonest act in connection with his work and the hearing examiner or appeals referee finds misconduct in connection with his work, the individual shall not be entitled to unemployment compensation.
This reveals the legislature's intent to disqualify individuals who commit dishonest acts in connection with their work. The only question in this case, then, is whether the Board met its burden to prove that Johnson's action was willful, wanton, or deliberate. Lewis v. Unemployment Appeals Comm'n, 498 So.2d 608, 609 (Fla. 5th DCA 1986).
When Johnson initially applied for a position with the Board, she completed an employment application. On the application, she was asked, "Have you ever been convicted or had adjudication withheld in a criminal offense other than a minor traffic violation or are there any criminal charges now pending against you other than a minor traffic violation?" Johnson answered, "No." Several years later, when she applied for a supervisor's position, Johnson was required to be fingerprinted. The fingerprints were submitted to a law enforcement agency for review and Johnson's previous conviction for affray was disclosed. When asked to clarify or explain the criminal charge, Johnson admitted that in 1980 she had been charged with aggravated assault and affray. She stated the aggravated assault charge was dismissed and she entered a plea of nolo contendere to the affray charge and was fined.
One could agree with Johnson that she might have been confused if the Board's question was, "Have you ever been convicted of a crime?" because the term conviction is confusing to both the legal and lay communities. See Proffitt v. Unemployment Appeals Comm'n, 658 So.2d 185, 187 (Fla. 5th DCA 1995) (holding that because the term conviction is ambiguous to lawyers, judges and laymen, the claimant did not commit misconduct when she wrote she had not been convicted of felony where adjudication had been withheld). However, the Board asked not only whether Johnson had been convicted of a crime but also whether she had adjudication withheld in a criminal offense. Johnson knew that she had been arrested, taken to court, and appointed a lawyer, and she knew she entered a plea and paid a fine. She also knew that adjudication was withheld. Yet, she did not respond accurately to the second part of the question concerning having adjudication withheld, nor does she address that part of the question in her brief. She does not dispute that affray is a misdemeanor of the first degree, but she merely argues that she thought conviction meant serving time in jail. Even if she was confused by the term conviction, it is clear and unambiguous from the record that she was aware she entered a plea of nolo contendere and adjudication was withheld.
I would affirm.
NOTES
[1] § 870.01, Fla. Stat. (1979).