715 So.2d 1157 (1998)
Cynthia R. DAVIS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellees.
No. 97-3054.
District Court of Appeal of Florida, Fifth District.
August 28, 1998.
David W. Glasser of Glasser & Handel, P.A., Daytona Beach, for Appellant.
William T. Moore, for Appellee Unemployment Appeals Commission.
THOMPSON, Judge.
Cynthia R. Davis appeals from an order of the Unemployment Appeals Commission ("UAC") denying her unemployment compensation benefits. The UAC concluded that Davis was properly discharged from Home *1158 Depot for misconduct connected with work, thus making her ineligible for benefits. § 443.101(1), Fla. Stat. We affirm.
Davis was an employee with a checkered employment history: She had been counseled for tardiness, absenteeism, and using profanity in the workplace. Home Depot's policy was that profanity could be a basis for termination. On the day of her termination, Davis requested to leave work because of illness; she had already missed 15 days because of bronchitis. The assistant store manager called the store manager at home and he told Davis she could leave, but reminded her of a previously scheduled meeting with the Human Resource Coordinator to discuss her absences. She previously had been warned that any further absences would result in termination.
As she was hanging up the phone, she addressed the manager with a variety of epithets. The manager, assistant manager, and perhaps, the loss prevention supervisor, heard her comments. The manager called back, and, after verifying that the statements had been made, terminated Davis for undermining management.
After Davis was terminated, she filed for unemployment compensation benefits with the Florida Department of Labor and Employment Security. She was denied benefits and appealed. An appeals referee reversed the denial and awarded Davis unemployment benefits. The referee ruled that when Davis "was discharged it was not for misconduct connected with the work." This decision was reversed by the UAC, which ruled that Davis' behavior constituted misconduct connected with work.
"Misconduct" is defined as:
MISCONDUCT."Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his or her employer.
§ 443.036(26), Fla. Stat. (1997).
The record is clear that Davis uttered profanities directed toward her manager in the presence of other employees. Davis admits that she uttered profanity in the presence of store employees but disputes what the exact words were. The exact terminology used, however, is unimportant. What is important is that they were heard by at least one employee. The use of profanity at the work site was prohibited by Home Depot's personnel policies and was listed as a reason for termination. Davis was aware of the policy because she had been "written up" previously for using profanity in the work place. Moreover, this court has held that an employee may be terminated for using vulgarity directed toward a supervisor in the presence of other employees. See Suluki v. Unemployment Appeals Com'n, 644 So.2d 552 (Fla. 5th DCA 1994). See also Hines v. Unemployment Appeals Com'n, 455 So.2d 1104 (Fla. 3d DCA 1984), and Stahl v. Florida Unemployment Appeals Com'n, 502 So.2d 78 (Fla. 3d DCA 1987).
Davis claims that the remarks were made while she was in a state of illness and fear that she would lose her job. She contends that the remarks were not an attempt to undermine the store manager's authority, but rather were stated in frustration over the circumstances. Davis relies upon Proffitt v. Unemployment Appeals Commission, 658 So.2d 185 (Fla. 5th DCA 1995), to support her contention that she should not be terminated for an error in judgment. Proffitt is not applicable. In Proffitt, an employee was terminated for misconduct for falsifying her employment application. The application required Proffitt to disclose whether she had been convicted of a felony. Id. at 186. Proffitt responded negatively to the question, although she had pleaded guilty to a felony and adjudication had been withheld. We held that the meaning of the term "conviction" *1159 was ambiguous because, in her case, adjudication had been withheld. We held that no showing of misconduct had been made because there had been no showing that there was an intentional falsification. Rather, Proffitt's response was based upon a legitimate interpretation of "conviction." Id. at 187.
Davis argues that vilifying her employer in front of other employees was an error in judgment and should be forgiven. We think not. Davis' conduct evinced "such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee." § 443.036(26), Fla. Stat. (1997). There was no justification for using vulgarity to describe her manager, and it certainly was demonstrated to have been a deliberate disregard of her duties and obligations to her employer. We find that there is competent substantial evidence to support the UAC's ruling that the referee's decision was not supported by the record.
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.