884 So.2d 121 (2004)
CITY OF LARGO, Florida, Appellant,
v.
Sherry L. RODRIGUEZ and Unemployment Appeals Commission, Appellees.
No. 2D03-4900.
District Court of Appeal of Florida, Second District.
July 7, 2004.
Rehearing Denied August 12, 2004.
*122 Thomas M. Gonzalez and Erin G. Jackson of Thompson, Sizemore & Gonzalez, Tampa, for Appellant.
Marcia S. Cohen of Marcia S. Cohen, P.A., St. Petersburg, for Appellee Sherry L. Rodriguez.
No appearance for Appellee Unemployment Appeals Commission.
STRINGER, Judge.
The City of Largo seeks review of the order of the Unemployment Appeals Commission (UAC) reversing the appeals referee's determination that Sherry Rodriguez was disqualified from receiving unemployment benefits. Because the referee's determination was supported by competent, substantial evidence, we reverse the UAC's order granting Rodriguez unemployment benefits and remand for reinstatement of the referee's determination.
While employed as a recreation program coordinator for the City of Largo, Rodriguez was disciplined with a three-day suspension for her involvement in an alleged violation of the City's medication distribution policy for summer campers. At a grievance hearing held to discuss the discipline, Rodriguez alleged that she should not be disciplined in the matter because she was unaware of the policy said to have been violated. A revised version of the medication distribution policy was contained in the Summer Camp Handbook, which Rodriguez had previously reviewed with two other program coordinators for any needed revisions. Following the grievance hearing, it was determined that Rodriguez had testified untruthfully when she stated that, in reviewing the Handbook, no discussion was had, and no consensus was reached, regarding the proposed Handbook revisions. Rodriguez was subsequently discharged from work for being untruthful during the grievance hearing, in violation of the City's code of conduct and disciplinary guidelines which required dismissal for refusal to cooperate fully in any administrative hearing and/or noncriminal work-related investigation.
Following an appeals hearing, the referee issued a decision affirming the Workforce Innovation Unemployment Compensation Program's determination that Rodriguez was discharged for misconduct connected with work, specifically finding that Rodriguez was discharged for violating the City's code of conduct and disciplinary guidelines, of which Rodriguez was aware, by being untruthful during a grievance hearing. On appeal, the UAC reversed the referee's decision, determining that the decision was improper because Rodriguez's grievance testimony amounted to "no more than a poor recollection of the policy handbook review process, rather than a deliberate falsehood."
*123 "The UAC's standard of review of the appeals referee's decision is whether the referee's findings of fact were based on competent, substantial evidence in the record...." San Roman v. Unemployment Appeals Comm'n, 711 So.2d 93, 95 (Fla. 4th DCA 1998). As the trier of fact, the appeals referee is responsible for weighing and resolving conflicting evidence and judging credibility. Miller v. Fla. Unemployment Appeals Comm'n, 768 So.2d 1218, 1219 (Fla. 4th DCA 2000). A reviewing court may not make determinations as to the credibility of witnesses, reweigh evidence, or substitute its own judgment for that of the appeals referee. Doyle v. Fla. Unemployment Appeals Comm'n, 635 So.2d 1028, 1030 (Fla. 2d DCA 1994); Rex v. Fla. Unemployment Appeals Comm'n, 634 So.2d 257, 258 (Fla. 2d DCA 1994).
An employee will be disqualified from unemployment benefits if she has been discharged by her employer for misconduct connected with work. § 443.101(1)(a), Fla. Stat. (2003). "[D]ishonesty is and should be grounds for dismissal and denial of benefits...." Johnson v. Unemployment Appeals Comm'n, 680 So.2d 1073, 1073 (Fla. 5th DCA 1996); see also Godwin v. Dep't of Prof'l Regulation, 461 So.2d 226 (Fla. 1st DCA 1984). In order to constitute misconduct, the employee's action must be willful, wanton, or deliberate. Anderson v. Unemployment Appeals Comm'n, 822 So.2d 563, 566 (Fla. 5th DCA 2002). In a case alleging dishonesty, when the actor's intent is not clear, "we must rely on the factfinder's determination as to whether the misrepresentation was willful." Johnson, 680 So.2d at 1073.
In this case, the referee found that Rodriguez was untruthful during the grievance hearing when she stated that the changes in the Handbook, including those regarding the medication policy, were not discussed or agreed upon by the three program coordinators reviewing the Handbook. This finding was based on the appeal hearing testimony of Henry Schubert, who conducted the grievance hearing, and the testimony of the two coordinators who reviewed the Handbook with Rodriguez.
Schubert testified that it was Rodriguez's contention at the grievance hearing that she and the other two coordinators met and conducted the Handbook review independently and without discussion, and therefore Rodriguez had no idea what proposed changes were being submitted. The other two coordinators testified, in contrast to Rodriguez's contention, that the three coordinators reviewed the Handbook, discussing each potential change, and came to a consensus as to each proposed revision. This testimony provides competent, substantial evidence to support the referee's finding that Rodriguez was untruthful in the grievance hearing, and it was error for the UAC to reverse the referee's determination. Accordingly, we reverse the UAC's order and remand for reinstatement of the referee's determination that Rodriguez was discharged for misconduct connected with work and is therefore disqualified from receiving unemployment benefits.
KELLY and VILLANTI, JJ., concur.