484 So.2d 89 (1986)
Annie M. WILLIAMS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Volusia Transit Management, Inc., Appellees.
No. 85-558.
District Court of Appeal of Florida, Fifth District.
March 6, 1986.
*90 Nathan G. Dinitz, Daytona Beach, for appellant.
John L. Briscoe, Richard S. Cortese, Donna Erlich, and John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
DAUKSCH, Judge.
This is an appeal from a denial of unemployment compensation benefits.
Appellant was employed as a driver for Volusia Transit Management, Inc. and was fired because she violated company policy and was involved in several traffic accidents with the bus she was driving, one of which involved her having violated a traffic signal.
The question on appeal is whether her conduct was so egregious as to prevent her from receiving unemployment compensation benefits. She concedes she was properly terminated from her job but argues she is still entitled to unemployment benefits. We agree she was properly discharged and agree that she should receive the benefits because her conduct did not reach the level of that defined in the statute as "misconduct."
Section 443.036(24), Florida Statutes, (1984 Supp.) states:
(24) MISCONDUCT.  `Misconduct' includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
There are many cases defining "willful," "wanton," "culpability," "evil design" and the like. It is undisputed and not contested that appellant was negligent and careless; she failed to follow some instructions, and she was not an employee worth keeping as a bus driver. But there is no evidence in the record to support the common and legal definitions of "willful and wanton," "deliberate violation," etc. It is our considered opinion that the commission erred by not applying the correct legal standard in the statute when it denied the benefits to appellant.
The order is quashed and this cause remanded for an award of benefits and such other proceedings as are deemed appropriate and not inconsistent.
Order quashed; remanded.
UPCHURCH, J., concurs.
COWART, J., dissents without opinion.