498 So.2d 608 (1986)
David LEWIS, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 85-1832.
District Court of Appeal of Florida, Fifth District.
December 4, 1986.
*609 John S. Lynch of Huey & Lynch, Ocala, for appellant.
John D. Maher, Tallahassee, for appellee.
COBB, Judge.
The issue in this appeal is whether the appellant, David Lewis, was properly denied unemployment compensation based on a finding of misconduct.
Misconduct is defined by section 443.036(24), Florida Statutes (1985), as follows:
(24) MISCONDUCT.  "Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
Even though an employee may be discharged due to particular conduct, that conduct does not necessarily constitute a willful and wanton or deliberate violation so as to constitute misconduct precluding compensation. Williams v. Unemployment Appeals Commission, 484 So.2d 89 (Fla. 5th DCA 1986); Erber v. Federal Express Corp., 409 So.2d 522 (Fla. 5th DCA 1982). Mere inefficiency, unsatisfactory conduct, failure in good performance as a result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith error in judgment or discretion do not constitute misconduct under the statute. Davis v. Unemployment Appeals Commission, 425 So.2d 198 (Fla. 5th DCA 1983). The burden of proving misconduct is on the employer. Sheriff of Monroe County v. Unemployment Appeals Commission, 490 So.2d 961 (Fla. 3d DCA 1986).
*610 In the instant case, the conduct which forms the basis of Lewis' termination consisted of his failure to enroll in an adult education class, attending to personal business during working hours, failing to mark a baseball field for a play-off game, and failing to fill in an evaluation form.
The appeals referee determined that Lewis was not guilty of misconduct, and found as follows:
The record and evidence in this case show the claimant was put on a six-month probation after he had a change in supervisors and was discharged by his new supervisor because his work performance did not meet his standards. Due to the claimant's limited education, he was unable to read or complete forms and had so notified his new supervisor of his inability to do so. Prior [to] the claimant's change in supervisors, the claimant had done the field work and his supervisor had done the paperwork. The evidence presented by the employer does not show that the claimant was discharged for misconduct connected with work. Therefore, the claimant should not be disqualified from receiving benefits.
The Commission reversed, finding:
The referee's conclusion that the claimant was discharged for reasons other than misconduct is not supported by the record. The employer had, at the claimant's request, demoted him to the position of foreman. At the time of the demotion, he was told what would be expected of him. In spite of the specific directives, the claimant simply refused to enroll in the adult education course to improve his reading and writing skills. He also refused to make any effort to complete the employee appraisal form on August 7. In addition to those two specific violations of the agreement under which he was demoted to foreman, the claimant committed other violations.
The city made an effort to continue the claimant's employment, but the claimant made termination inevitable by his refusal to do his part. Under the circumstances, he committed acts or omissions that constitute misconduct within the meaning of the law and he is subject to disqualification.
The Commission, in reversing the appeals referee's findings, places great emphasis on the fact that Lewis refused to enroll in the adult education course to improve his reading and writing skills. This finding is contrary to the facts as adduced at the hearing before the referee, which show that while Lewis did not enroll in the June, 1985 class, which the superintendent of parks had requested he take, he did contact the school and planned to enroll in the fall class. According to Lewis' testimony, this plan was approved by his immediate supervisor. While the Commission has the authority to reverse the findings and conclusions of the appeals referee, it can only do so where there is no substantial, competent evidence to support the referee's findings. The Commission cannot reweigh the evidence or substitute its own factual determinations where the hearing officer's findings are supported by competent, substantial evidence. Lake County Sheriff's Dept. v. Unemployment Appeals Comm., 478 So.2d 880 (Fla. 5th DCA 1985). See also City of Umatilla v. Public Employees Relations Commission, 422 So.2d 905 (Fla. 5th DCA 1982), review denied, 430 So.2d 452 (Fla. 1983) (Commission did not follow established principles of law where it drew different inferences from the disputed or admitted facts and arrived at different conclusion than hearing officer).
Lewis' acts giving rise to his termination resulted more from inability than from an intentional and substantial disregard of the employer's interests by the employee's refusal to apply himself. See Rycraft v. United Technologies, 449 So.2d 382 (Fla. 4th DCA 1984) (misconduct found where employee made errors, arrived late, did personal work at his desk and wasted time on clerical tasks). A basis for Lewis' termination is present in the record; however, his conduct was not such as to constitute misconduct as defined by section 443.036(24), Florida Statutes (1985). The Commission *611 erred in reversing the referee's conclusion that Lewis was discharged for reasons other than misconduct, as that finding is clearly supported in the record. Accordingly, the order entered below is
REVERSED.
UPCHURCH, C.J., and SHARP, J., concur.