510 So.2d 1063 (1987)
TRINH TRUNG DO, Appellant,
v.
AMOCO OIL COMPANY and Florida Unemployment Appeals Commission, Appellees.
No. 4-86-1152.
District Court of Appeal of Florida, Fourth District.
July 29, 1987.
Rehearing Denied September 2, 1987.
Robert V. Steinhilber, Fort Lauderdale, for appellant.
Trinh Trung Do, pro se.
Janet L. Smith, Tallahassee, for appellee Com'n.
HERSEY, Chief Judge.
This is an appeal from a ruling of the Unemployment Appeals Commission affirming an order denying appellant unemployment compensation.
*1064 Appellant was discharged from his employment as a truck driver for Amoco Oil Company for "misconduct connected with work." The issue on appeal is whether the conduct for which appellant was discharged constitutes "misconduct" as that term is defined by subsection (24) of section 443.036, Florida Statutes (1985). A discharged employee is disqualified from receiving unemployment compensation where his conduct falls within this statutory definition:
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
The discharge of appellant was occasioned by a series of traffic accidents and speeding violations over a relatively short period of time commencing in 1984.
On March 6, 1984, a car struck the left side of appellant's truck while he was making a left turn. Appellant was not considered at fault.
On March 17, 1984, appellant hit the rear end of a Shell transport truck. He was cited with following too closely, and chose to fight the citation. In traffic court, he was cleared of the charges.
On September 9, 1984, appellant was implicated as the cause of damage to several car stops at a shopping center. His employer settled the claim for $200.
On October 16, 1984, due to improper backing, his truck struck the car behind him. The accident report reflects that he was transporting flammable liquid at the time. No ticket was issued.
On November 2, 1984, while backing up at a gas station, appellant backed into a cashier's building located on the property. The supervisor's report of the accident states that the accident was caused by the driver's carelessness.
On March 17, 1985, while backing into a service station, appellant's truck struck a wall. The dealer said the wall had been struck twice before.
As a result of these accidents appellant was warned in a letter dated April 4, 1985, that further accidents could lead to "several disciplinary action up to and including discharge."
We note, in passing, that appellant's employment was in a high risk category. A tank truck loaded with gasoline hurtling down the highway is an extremely dangerous projectile. Recognizing the potential hazards created by the weight of the gasoline and its load shifting propensity as well as its extremely flammable nature, Amoco sponsored safe driving lectures for its employees and provided a film which detailed the effects of inertia and centrifugal force on the tractor-trailer unit as a whole.
Notwithstanding the film, the lectures, the previous accidents and the warning letter, appellant received three notices during September and October 1985 to control his speeding. On November 25, 1985, in bumper-to-bumper traffic, with a full load of gasoline, appellant's truck slammed into the rear of the vehicle ahead of him when traffic came to an abrupt stop. His speed and momentum made it physically impossible to bring his vehicle under control in time to avoid the collision. He was charged with careless driving and subsequently was discharged.
The standard of review which we apply in these cases is whether the conclusion of the referee was supported by competent substantial evidence. Rycraft v. United Technologies, 449 So.2d 382 (Fla. 4th DCA 1984). To be precise, the question is whether the evidence supports a conclusion that appellant was guilty of misconduct as that term is defined by the statute.
Appellant postulates a negative response to that question, relying, inter alia, on Williams v. Unemployment Appeals Commission, 484 So.2d 89 (Fla. 5th DCA *1065 1986). We are not persuaded by Williams for at least two reasons. First, Williams is distinguishable, at least on the facts recited by the opinion. The misconduct which resulted in discharge in that case is that the employee "violated company policy and was involved in several traffic accidents with the bus she was driving, one of which involved her having violated a traffic signal."
Appellant here not only was involved in "several" traffic accidents within a very short period of time, but consistently operated his gasoline-filled tank truck in excess of the legal speed limit, thus endangering the traveling public and exposing his employer to litigation and damage claims with some potential for liability for punitive damages. There is no comparable factor in Williams.
Our second reason not to follow Williams, even assuming it were otherwise applicable, is that we do not agree with its rationale. The opinion refers almost exclusively to terms that are appropriate to part (a) of the definition of "misconduct" which deals with deliberate acts of misconduct or willful and wanton conduct. The single reference to a term used in part (b) of the statutory definition, "evil design" essentially again refers to an intentional act rather than a manifestation of continued negligence and thus does not redeem the court's otherwise consistent reliance on part (a) of the definition.
In our view, while the language of the statute tends to be circuitous, it disqualifies an employee from receiving benefits for two kinds of conduct, not simply one. The legislature was careful to provide that paragraph (a) is not to be "construed in pari materia" with paragraph (b). Thus, where an employee intentionally violates company policy or is found to have ignored standards of behavior which the company is entitled to expect from an employee, that conduct is wanton and willful and disqualifies the employee from receiving unemployment compensation because of paragraph (a) of the provision.
Similarly, negligence on the part of an employee may give rise to an inference that the employee is improperly motivated to the extent either that the employer's interests are being disregarded or that the employee's duties are not being properly performed. Such an inference is properly raised by repeated acts of negligence (recurrence) or by conduct that is sufficiently egregious (degree) in and of itself to indicate an employee's lack of interest in his job or in his employer's best interests.
Consistently operating a vehicle in excess of speed limits is a volitional act. After repeated warnings by an employer, continued violation of company policy in this regard can only be considered willful and wanton disregard of the employer's interests as well as deliberate and intentional disregard of standards of behavior which the employer had the right to expect of appellant.
Appellant's work record therefore justifies a finding of misconduct under either (a) or (b) of the definitional section. Thus, there is substantial competent evidence to support the holding of the Florida Unemployment Appeals Commission, and we affirm.
AFFIRMED.
DELL and WALDEN, JJ., concur.