611 So.2d 107 (1992)
ORANGE BANK, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Janice S. Sloan, Appellees.
No. 92-246.
District Court of Appeal of Florida, Fifth District.
December 31, 1992.
Wayne L. Helsby and Margaret T. Roberts of Hogg, Allen, Norton & Blue, P.A., Orlando, for appellant.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Com'n.
No appearance for appellee Sloan.
DIAMANTIS, Judge.
Orange Bank appeals from an order of the Unemployment Appeals Commission which grants unemployment benefits to Janice S. Sloan. The bank contends that the commission erroneously reversed the appeals referee's decision that Sloan was guilty of misconduct and thus not entitled to unemployment benefits. We agree with the bank's contention and, therefore, reverse the commission's order and remand the cause with instructions to reinstate the appeals referee's decision.
The record reflects that in September of 1990 Sloan, who was employed by the bank as a proofreader from November 29, 1988 to July 18, 1991, was given a warning about her constant complaining concerning the work distribution in her department. On July 8, 1991 Sloan received another warning and on July 18, 1991, Sloan was placed on probation for her constant complaining about the distribution of work. Late in the day on July 18, 1991 Sloan approached the assistant vice-president of operations, Jacqueline Mandley, and in the presence of four other employees asked Mandley to look at some work that Sloan believed had been unfairly distributed. Mandley refused to look at the work and reminded Sloan that she had been placed on probation that morning. Sloan continued to insist that Mandley look at the work, to which Mandley responded that if Sloan did not cease complaining, Mandley would have to terminate her. Sloan replied that she guessed that Mandley would have to terminate her, because she was going to continue her complaining. At this point Mandley terminated Sloan.
The referee found that, although Sloan did receive a large amount of encoding work, Sloan's supervisor attempted to distribute the work as evenly as she could. The referee further found that the bank terminated Sloan for insubordination because she had specifically refused to follow Mandley's orders in the presence of coworkers. Based upon these findings, the referee concluded that Sloan's actions were in disregard of her duties and obligations to her employer and constituted misconduct as defined by the Florida Statutes.
In reversing the referee the commission concluded that Sloan was discharged for complaining about her work load and that Mandley's order to cease complaining was not a reasonable work order because Sloan was voicing a reasonable objection. The commission also concluded that although Sloan complained in the presence of coworkers there was no evidence that she was abusive or profane or that she had *108 been warned that she could not complain in the presence of coworkers.
The unemployment compensation law provides that unemployment benefits may not be paid if an employee is discharged for misconduct. § 443.101(1)(a), Fla. Stat. (1991). Section 443.036(26) defines misconduct as:
(a) Conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employees; or
(b) carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
While the commission has the authority to reverse the findings and conclusions of the appeals referee, the commission may only do so where there is no substantial, competent evidence to support the referee's decision. Williams v. Unemployment Appeals Commission, 608 So.2d 572 (Fla. 5th DCA 1992); Kan v. P.G. Cook Associates, 566 So.2d 932 (Fla. 3d DCA 1990); Lewis v. Unemployment Appeals Commission, 498 So.2d 608 (Fla. 5th DCA 1986); Lake County Sheriff's Department v. Unemployment Appeals Commission, 478 So.2d 880 (Fla. 5th DCA 1985); Verner v. State Unemployment Appeals Commission, 474 So.2d 909 (Fla. 2d DCA 1985); Forkey & Kirsch, P.A. v. Unemployment Appeals Commission, 407 So.2d 319 (Fla. 4th DCA 1981); David Clark & Associates, Inc. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980); § 443.151(4)(c), Fla. Stat. (1991).
The referee found that Sloan was discharged not because she continued complaining about the work load, but because Sloan defied the authority of her superior, Mandley, in the presence of her coworkers after she had been placed on probation earlier the same day and warned of such conduct. The referee concluded that Sloan's defiance of a superior in the presence of other employees amounted to misconduct because such defiance constituted "conduct evincing such willful or wanton disregard of standards of behavior which the employer has the right to expect of his employees." § 443.036(26), Fla. Stat. (1991). See Hines v. Department of Labor and Employment Security, 455 So.2d 1104, 1106-1107 (Fla. 3d DCA 1984). See also Citrus Central v. Detwiler, 368 So.2d 81 (Fla. 4th DCA 1979). Under these circumstances, Sloan did not have to be warned that she should not complain in front of other employees nor was it necessary that Sloan use profanity or be abusive for her conduct to constitute misconduct. Thus, we conclude that the appeals referee's decision that Sloan's actions constituted misconduct is supported by competent substantial evidence. Accordingly, we reverse the order of the Unemployment Appeals Commission and remand this cause with directions to reinstate the appeals referee's decision.
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.