687 So.2d 963 (1997)
Larry CORMAN, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSIONS, Appellee.
No. 95-2876.
District Court of Appeal of Florida, Fifth District.
February 14, 1997.
Jason H. Clark, West Palm Beach, for Appellant.
William T. Moore, Tallahassee, for Appellee.
THOMPSON, Judge.
Larry Corman appeals an order of the Unemployment Appeals Commission ("UAC") affirming an appeals referee's order denying him unemployment benefits. We affirm because the UAC correctly affirmed the referee's ruling that Corman is not entitled *964 to unemployment benefits because he voluntarily left work without good cause attributable to his employer. See § 443.101(1)(a), Fla. Stat. (1993).
Corman was employed as a facility superintendent by the Independent Order of Foresters from 3 March 1987 to 19 September 1994, when he submitted a letter of resignation. Corman claimed his immediate supervisor, Sam Homich, harassed and retaliated against him when he complained about being forced to illegally dump grass clippings and other substances in nearby wetlands. Corman also stated he was forced to falsify water samples to the Department of Environmental Protection ("DEP"). Homich's alleged retaliation included changing procedures, changing the work schedules of Corman and his staff, and interfering with Corman's daily routine. Corman argues the harassment, retaliation, and secondarily the illegal activities, constitute good cause which compelled him to give up his work.
The hearing officer found that on 19 September 1994, Corman attended a meeting with Homich and Ken Peterson, chairman of the company, to discuss the maintenance budget. During the meeting Corman said he "didn't have to take it anymore" and that they were forcing him to resign. Corman told Peterson that he was being forced to resign because he complained to DEP about illegal dumping and falsifying of records. Peterson asked that the matter be investigated by other staff members. He also asked Corman to reconsider his letter of resignation. Corman took back the resignation letter, but later resubmitted it, changing the date of resignation from 3 October 1994 to 19 September 1994. In effect, he resigned effective immediately. Peterson testified that during the meeting Corman's work was never criticized. The appeals referee found that Corman did not get along with Homich and disagreed with Homich's method of operating the facility and the changes he had made. The referee further found that Corman failed to show any specific valid instances of harassment or retaliation.
As the trier of fact, the appeals referee assesses the weight of conflicting evidence, Ritenour v. Unemployment Appeals Comm'n, 570 So.2d 1106, 1107 (Fla. 5th DCA 1990), and may resolve conflicts "`based on the candor and demeanor of witnesses,'" Bell v. Unemployment Appeals Comm'n, 645 So.2d 152, 152 (Fla. 5th DCA 1994). The referee's factual findings cannot be disturbed as long as they are supported by substantial competent evidence. Id.
Here, the hearing officer's finding that Corman was dissatisfied with the manner in which Homich supervised him and his staff was supported by the evidence. Furthermore, Corman did not present testimony or any other evidence to show that he resigned because he was forced to commit illegal acts. He engaged in the dumping for roughly four years before objecting to it, and failed to bring the situation to the attention of upper management or report the activities to the authorities. Therefore, the referee correctly concluded that neither Homich's actions nor the alleged illegal dumping practices constituted good cause for Corman's voluntary termination. Brown v. Unemployment Appeals Comm'n, 633 So.2d 36 (Fla. 5th DCA) (holding "good cause" are those circumstances which would compel the average able-bodied, qualified worker to give up his or her employment), rev. denied, 642 So.2d 1362 (Fla. 1994), cert. denied, 513 U.S. 1082, 115 S.Ct. 733, 130 L.Ed.2d 636 (1995).
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.