690 So.2d 752 (1997)
Margaret A. MILLER, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 96-2513.
District Court of Appeal of Florida, Fifth District.
April 4, 1997.
Margaret A. Miller, St. Augustine, pro se.
John D. Maher, Tallahassee, for Appellee, Unemployment Appeals Commission.
HARRIS, Judge.
Margaret Miller was an employee of Winn-Dixie Stores, Inc. when, on her day off, she purchased three party platters from her employer. She removed the price tags from the platters (there is no claim that this was in itself improper) and put the tags on her finger. However, the tags were so placed on her finger that when they were "rung up" on the cash register, only two were counted and *753 Mrs. Miller was undercharged for the items. The employee who handed the platters to Mrs. Miller and who for some reason suspected that Mrs. Miller did not intend to pay for all of the items, followed her to the cash register and after Mrs. Miller left determined that she had in fact paid for only two of the items. She reported this to management and Mrs. Miller was terminated. Mrs. Miller applied for unemployment benefits but the hearing officer and the Unemployment Appeals Commission determined that she was terminated for cause. She appeals; we affirm.
Receiving merchandise without paying for it is, "in disregard of an employer's interests." Section 443.036(26), Florida Statutes (1995). Such action justifies termination for misconduct connected with work so that unemployment benefits are not appropriate. Mrs. Miller, although admitting that she did not pay for one of the platters, contends that she was unaware that she had not paid until confronted by management. The hearing referee found that:
The claimant's own testimony shows that she took $80 in cash to the store to pay for her purchases. The claimant testified further that she gave the cashier a $50 bill and received change ... The claimant's testimony revealed that the three large items she purchased totaled more than $50 and she knew that before she checked out at the cash register. (Emphasis added.)
The hearing referee thus concluded that Mrs. Miller's action was willful. We believe that there is sufficient record support to sustain this finding. To justify overturning the decision of the referee (and in this case, the Unemployment Appeals Commission), there must be a showing that the findings are not supported by any competent, substantial evidence. See Rosmond v. Unemployment Appeals Commission, 651 So.2d 233 (Fla. 5th DCA 1995).
AFFIRMED.
PETERSON, C.J., and THOMPSON, J., concur.