ANTOON, Judge.
Stephen S. Maxfield appeals an order entered by the Unemployment Appeals Commission (UAC) affirming the decision of the appeals referee that Mr. Maxfield is not entitled to receive unemployment compensation benefits due to employee misconduct. We reverse because the record does not contain substantial competent evidence of misconduct as defined by section 443.036(26)(b), Florida Statutes (1995).
Mr. Maxfield was employed by Swift Transportation as a long distance truck driver. Swift terminated Mr. Maxfield’s employment based on the company’s policy that a driver may be discharged after being involved in three motor vehicle accidents within a twelve-month period. The appeals referee found that Mr. Maxfield had violated this policy because he was at fault in three accidents which occurred within a twelvemonth period. None of the accidents involved personal injury. The appeals referee further concluded that Mr. Maxfield was guilty of misconduct in connection with his work because of his involvement in the accidents, and, as a. result, he was disqualified from receiving unemployment benefits. The UAC agreed and affirmed the appeals referee’s decision.
Our unemployment compensation law provides that unemployment benefits may not be paid if an employee is discharged for misconduct. See § 443.101,. Fla. Stat. (1995). Section 443.036(26) defines “misconduct” as follows:
443.036 Definitions.— As used in this chapter, unless the context clearly requires otherwise:
‡ ‡ ‡ ‡
(26) MISCONDUCT. — “Misconduct” includes, but is not limited to, the following, which shall not be construed in pari mate-ria with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
§ 443.036, Fla. Stat. (1995). The issue in this casé is whether Mr. Maxfield’s multiple vehicle accidents involving his misjudgment while driving constituted misconduct. UAC contends that Mr. Maxfield’s accidents constitute a violation of subsection (b) of section 443.036. We disagree.
The record clearly establishes that Mr. Maxfield’s “carelessness or negligence” was the cause of the accidents. However, it is equally clear that the record is devoid 'of any evidence that his carelessness or negligence was of “such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or to show an intentional and substantial disregard of the employer’s interests ....” § 443.036(26)(b), Fla. Stat. (1995). While the appeals referee’s findings of facts *861 includes a description of Mr. Maxfield’s acts of misjudgment leading to or causing the accidents, there is no indication that he was reckless or that he intentionally violated the law. In fact, there is no indication that Mr. Maxfield was issued a traffic citation with regard to any of the accidents. Under these circumstances, it was improper to find Mr. Maxfield guilty of employee misconduct and to deny him unemployment compensation benefits.
Mr. Maxfield argues that this ease is controlled by Williams v. Unemployment Appeals Commission, 484 So.2d 89 (Fla. 5th DCA 1986). We agree. In Williams, this court held that, although an employee’s carelessness or negligence may render the employee not “worth keeping” as a driver, such conduct does not necessarily constitute misconduct. Instead, the court recognized that, in order to constitute misconduct under the statute, the employee’s careless or negligent acts must be of “such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or the employee’s duties and obligations to his or her employer.” § 443.036(26)(b), Fla. Stat. (1995).
The UAC urges us to consider Trinh Trung Do v. Amoco Oil Company, 510 So.2d 1063 (Fla. 4th DCA 1987), a case in which an employee driver was disqualified from receiving unemployment benefits. Upon review, we do not consider Trinh to be in conflict with Williams. As the fourth district pointed out, the claimant in Trinh was involved in several traffic accidents within a short period of time, and he had “consistently operated his gasoline-filled tank truck in excess of the legal speed limit, thus endangering the traveling public and exposing his employer to litigation_” Id. at 1065. Such conduct of repeatedly violating the lawful speed limits was volitional and inherently dangerous, clearly exceeding mere acts of misjudgment, thereby meeting the statutory definition of misconduct.
Since the evidence of Mr. Maxfield’s carelessness and negligence did not constitute misconduct, the UAC’s order disqualifying Mr. Maxfield from receiving unemployment benefits must be reversed. See Williams, 484 So.2d at 89; see also Poole v. J.B. Hunt Transport, Inc., 703 So.2d 1158 (Fla. 2d DCA 1997).
REVERSED.
GOSHORN and PETERSON, JJ., concur.