ON MOTION FOR REHEARING

COBB, J.
The appellant, Herbert Fisher, challenges the action of the Unemployment Appeals Commission, which affirmed the referee’s decision that he was disqualified from receiving benefits because of his discharge from employment for misconduct connected with work. Fisher argues that the record clearly shows that he was not discharged for “misconduct” as that term is defined by statute. Section 443.036(29), Florida Statutes (1999) provides:
MISCONDUCT. — “Misconduct” includes, but is not limited to, the following; which shall not be construed in pari materia wfth each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil deT sign or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
The Employment Termination Report in this case shows that Fisher was discharged from employment because of incompetence rather than misconduct, insubordination, absenteeism, falsification of employment application, or violation of company rules. The report of the Agency for Workforce Innovation shows the reason for Fisher’s termination was “inability to perform the work.” That report noted that “no information has been submitted which substantiates misconduct.”
We agree with the appellant that the instant record reflects incompetence, not misconduct. Accordingly, we grant rehearing, withdraw our prior decision, and reverse the action of the Unemployment Appeals Commission.
REVERSED.
HARRIS and GRIFFIN, JJ., concur.