822 So.2d 563 (2002)
Jeri R. ANDERSON, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 5D01-540.
District Court of Appeal of Florida, Fifth District.
August 2, 2002.
*564 Sharon Lee Stedman of Sharon Lee Stedman, P.A., Orlando, for Appellant.
John D. Maher, Tallahassee, for Appellee Unemployment Appeals Commission.
SAWAYA, J.
Jeri Anderson (Anderson) appeals the order of the Unemployment Appeals Commission (the Commission) determining that Anderson was not entitled to unemployment benefits based on misconduct connected with work. Anderson argues that the Commission failed to apply the correct standard in reviewing the findings made by the Unemployment Compensation Appeals Referee (the Referee) who concluded that Anderson was entitled to benefits. We agree and reverse.
Anderson was a long term employee with the Orange County Community Corrections Division. During the last several years of her employment, Anderson was a senior community corrections officer assigned duties in the probation department. The circumstances which lead to her discharge from employment center around her attempts to get a judge to sign a violation of probation warrant before the defendant's probation period expired. When she presented the warrant to the presiding judge's judicial assistant, she was denied access to the judge because, in the judicial assistant's opinion, the probation period had already expired. Anderson did have a brief encounter with the judge on his way out of his chambers, but, according to Anderson, she declined to mention the warrant to him in front of the judicial assistant because she felt intimidated by the judicial assistant's rebuff and did not want to cause any more problems with her.
Anderson then presented the warrant to another judge and in response to that judge's inquiry whether the presiding judge or any other judge was available, Anderson responded that no other judges were available. Based on this alleged misrepresentation, Anderson was discharged for alleged "violations of county policies" following a predetermination hearing conducted by the manager of the Community Corrections Division. Because Anderson was terminated for "misconduct connected with work," the Division of Unemployment *565 Compensation of the Florida Department of Labor and Employment Security (the Division) determined that she was disqualified from receiving unemployment benefits.
Anderson availed herself of her right to appeal provided by section 443.151(4), Florida Statutes (2000). The Referee, appointed pursuant to that statute, conducted a hearing and, after considering the evidence presented, issued an opinion containing various findings of facts and conclusions of law. Based upon those findings, the Referee concluded that Anderson's actions reflected poor judgment, not intentional misconduct. Specifically, the Referee found:
The competent evidence in this case shows that the claimant was following the instructions of her supervisor to get an order signed before it[s] expiration. It was shown that both the claimant's supervisor and the claimant believed that the order would expire on January 20, 2000, without a judge's signature. Accordingly, the claimant's actions in advising the judge that signed the order that the first judge was not available when viewed in its worst light is considered poor judgment and not intentional misconduct connected with the work. Although the employer may have made a good business decision in discharging the claimant, her actions were not so egregious as to manifest willful misconduct within the meaning of Florida's unemployment compensation law.
Consideration has been given to the very comprehensive and specific code of ethics and policies governing the conduct and actions of all workers associated with this employer's program. However, the claimant's work history is absent any serious or similar warnings and the incident itself appears to be isolated. Further, when the claimant answered to the judge that signed the order and indicated that the first judge was not available she was not trying to hide the fact that there was an issue raised by the judicial assistant. Rather, the evidence shows the claimant was simply trying to follow her supervisor's instructions and save an order from expiration.
Therefore, the Referee reversed the Division's determination that Anderson was not entitled to unemployment benefits.
The Referee's decision was appealed to the Commission, which accepted the Referee's findings of fact, but concluded that Anderson's conduct was willful and intentional. Specifically, the Commission found that Anderson committed a deliberate act of dishonesty, noting that "[t]he claimant was aware that the sentencing judge was available, but ... the claimant lied to the other judge so that he would sign the violation of probation order.... The claimant's discharge, therefore, was for misconduct connected with work within the meaning of the law."
An employee who is discharged for misconduct connected with his or her work is not eligible to receive unemployment compensation benefits. § 443.101, Fla. Stat. (2001); Crosby v. Unemployment Appeals Comm'n, 711 So.2d 260 (Fla. 5th DCA 1998). Misconduct is defined as
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or *566 of the employee's duties and obligations to his or her employer.
§ 443.036(29)(a), (b), Fla. Stat. (2000).
The Unemployment Compensation Law is remedial in nature and should be liberally construed to achieve its purpose of providing relief to persons unemployed through no fault of their own. Mason v. Load King Mfg. Co., 758 So.2d 649 (Fla.2000); Foote v. Unemployment Appeals Comm'n, 659 So.2d 1232 (Fla. 5th DCA 1995). Thus, in determining whether misconduct has occurred, the statute should be liberally construed in favor of the employee and in favor of awarding benefits. Mason, 758 So.2d at 655 (citations omitted); Foote, 659 So.2d at 1233.[1] The burden rests upon the employer to demonstrate misconduct. Crosby; Paul v. Jabil Circuit Co., 627 So.2d 545 (Fla. 2d DCA 1993).
This court has consistently held that in order to establish misconduct under section 443.036(29), the employee's action must be willful, wanton, or deliberate. Proffitt v. Unemployment Appeals Comm'n, 658 So.2d 185, 187 (Fla. 5th DCA 1995) ("In order to constitute misconduct under this section, the claimant's action must be more than an error in judgment or discretion, and the employer must prove that the employee's action was willful, wanton, or deliberate.") (citing Lewis v. Unemployment Appeals Comm'n, 498 So.2d 608 (Fla. 5th DCA 1986)); Williams v. Unemployment Appeals Comm'n, 484 So.2d 89 (Fla. 5th DCA 1986). Thus, conduct that amounts to poor judgment, such as an isolated incident of an employee's failure to follow policies and rules, is generally not considered misconduct under section 440.036(29) and is not a basis for denying benefits.[2] Moreover, conduct that provides an employer with sufficient grounds to terminate employment does not necessarily warrant forfeiture of unemployment compensation benefits.[3]
*567 Anderson's employer terminated her employment for misconduct based on her alleged violation of county policies. The Referee specifically found, however, that Anderson's actions were not willful or intentional, but only amounted to poor judgment. The Commission, however, rejected the Referee's finding and instead found that Anderson committed a willful and intentional act of misconduct. The issue we must decide is whether the Commission properly rejected the Referee's findings and, based on its own findings, reversed the Referee's order.
In Jackson v. Unemployment Appeals Commission, 730 So.2d 719 (Fla. 5th DCA 1999), this court discussed the standard of review the Commission must apply in reviewing a decision rendered by an appeals referee. We explained that once a referee makes a determination regarding a claim, the Commission reviews that decision to determine
whether the referee's findings of fact were based on competent, substantial evidence in the record and whether the proceedings on which the findings were based complied with the essential requirements of the law. In reviewing whether the record contains competent, substantial evidence to support the appeals referee's findings, the reviewing court may not make determinations as to credibility or substitute its judgment for that of the referee. Thus, the appeals referee's decision must be upheld where there is competent substantial evidence to support it. The basis for this is that the hearing officer or appeals referee in an administrative proceeding is the trier of fact, and he or she is privileged to weigh and reject conflicting evidence.
Id. at 721 (quoting San Roman v. Unemployment Appeals Comm'n, 711 So.2d 93, 95 (Fla. 4th DCA 1998)).[4] Thus, where there is competent, substantial evidence to support the referee's findings of fact, the Commission may not reweigh the evidence and substitute its findings of fact for those of the referee.[5] Moreover, the Commission may neither modify a referee's findings of fact to reach a different legal conclusion, see Berry v. Scotty's, Inc., 711 So.2d 575 (Fla. 2d DCA 1998), nor rely on facts that were not established at the hearing conducted by the referee. See Eulo v. Florida Unemployment Appeal Comm'n, 724 So.2d 636 (Fla. 2d DCA 1999).
We conclude that the Referee's finding that Anderson's actions reflected *568 poor judgment but not an act of willful and intentional misconduct is supported by substantial, competent evidence. The record reflects that on the day in question, Anderson, at the direction of her immediate supervisor, went to the courthouse to obtain the presiding judge's signature on what she thought to be a valid violation of probation warrant. Although she had performed this duty before, it was only on an emergency basis and not part of her regular responsibilities. Anderson explained that when she arrived at the courthouse, the judge's judicial assistant, with whom Anderson has had past confrontations, refused to present the documents to the judge or allow Anderson to see him because, based on the judicial assistant's calculations, the defendant's probation had expired the previous night at midnight.[6] When Anderson saw the judge leave his chambers, she did not confront him regarding the violation because she was intimidated by the judicial assistant and did not want to cause any more problems with her. Because Anderson did not want the violation to expire, she sought the help of another judge, who eventually signed the warrant. Anderson indicated that she did not inform the second judge of the incident with the presiding judge's judicial assistant because she "did not want to get him in the middle of the argument." When asked why she informed the second judge that the presiding judge was not available, Anderson stated that, in her opinion, the presiding judge was not available to her because his judicial assistant had impeded her attempt to consult with him.
The Commission, however, based its decision to reverse the Referee's order on the following findings that are not supported by substantial, competent evidence in the record: (1) the presiding judge would not sign the order because his judicial assistant found that the order had expired and (2) Anderson "lied" to the other judge so that he would sign the violation order. With regard to the Commission's first finding, there was no evidence presented at the hearing that indicated that the presiding judge would not have signed the order if it had been presented to him. Rather, the only evidence adduced at the hearing was that the judge's judicial assistant determined that the defendant's probation had expired; not the judge. No one testified that the presiding judge would not have signed the warrant had it been presented to him. Therefore, the Commission's finding in this regard is not supported by the evidence.
Concerning the alleged lying, the Referee concluded that the evidence established that Anderson was "not trying to hide the fact that there was an issue raised by the judicial assistant. Instead, the evidence shows that [Anderson] was simply trying to follow her supervisor's instructions and save an order from expiration." Moreover, as we have previously indicated, competent, substantial evidence supports the finding that the presiding judge was not available to Anderson because his judicial assistant, who determined on her own accord that the violation was expired, precluded Anderson from presenting the warrant to him for his consideration.
Even if we were to conclude that the evidence in the record supports the finding of the Commission, the Referee's factual findings cannot be disturbed or disregarded because they are supported by substantial, competent evidence. Fanelli v. Unemployment Appeals Comm'n, 711 So.2d 237 (Fla. 5th DCA 1998) (citing Corman *569 v. Unemployment Appeals Comm'n, 687 So.2d 963 (Fla. 5th DCA 1997); Berry, 711 So.2d at 576); see also City of Umatilla v. Public Employees Relations Comm'n, 422 So.2d 905 (Fla. 5th DCA 1982). Moreover, if the alleged misconduct involves dishonesty and it is not clear whether the claimant's misrepresentation was willful, this court is bound to rely on the finding of the referee. Johnson v. Unemployment Appeals Comm'n, 680 So.2d 1073, 1073 (Fla. 5th DCA 1996) ("While we agree that dishonesty is and should be grounds for dismissal and denial of benefits, there are some casesand this is one of them when the actor's intent simply is not that clear and we must rely on the factfinder's determination as to whether the misrepresentation was willful."). Thus, in the event uncertainty exists regarding whose findings are correct regarding whether Anderson willfully lied, we are bound by the findings reached by the Referee. Id.
The Referee found, based on substantial, competent evidence, that Anderson's actions amounted to an isolated act of poor judgment that may have given Anderson's employer cause to terminate her employment, but did not rise to the level of misconduct that would deprive Anderson of unemployment benefits. We and the Commission are bound by that finding.
Accordingly, we reverse the order rendered by the Commission and remand for entry of an order reinstating the Referee's order.
REVERSED and REMANDED.
PETERSON and ORFINGER, R.B., JJ., concur.
NOTES
[1] See also § 443.031, Fla. Stat. (2001); Roberts v. Diehl, 707 So.2d 869 (Fla. 2d DCA 1998); Crosby; Baptiste v. Waste Mgmt., Inc., 701 So.2d 386 (Fla. 3d DCA 1997); Gilbert v. Department of Corr., 696 So.2d 416 (Fla. 1st DCA 1997); Hummer v. Unemployment Appeals Comm'n, 573 So.2d 135, 137 (Fla. 5th DCA 1991).
[2] Spink v. Unemployment Appeals Comm'n, 798 So.2d 899, 902 (Fla. 5th DCA 2001) (citations omitted); Philemy v. Florida Dep't of Health & Rehabilitative Servs., 731 So.2d 64 (Fla. 3d DCA 1999); Jackson v. Unemployment Appeals Comm'n, 730 So.2d 719, 721 (Fla. 5th DCA 1999) ("Misconduct usually consists of repeated instances in the face of warnings, and isolated acts of poor judgment do not amount to misconduct."); Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37, 38 (Fla. 3d DCA 1996) ("Generally, courts require more than a single instance of poor judgment to disqualify a claimant from unemployment compensation."); Pascarelli v. Unemployment Appeals Comm'n, 664 So.2d 1089, 1092 (Fla. 5th DCA 1995) ("A single act arising out of poor judgment may not be misconduct.") (citing Ford v. Southeast Atl. Corp., 588 So.2d 1039 (Fla. 1st DCA 1991)); Bulkan v. Florida Unemployment Appeals Comm'n, 648 So.2d 846 (Fla. 4th DCA 1995); Rogers v. Florida Unemployment Appeals Comm'n, 597 So.2d 382 (Fla. 2d DCA 1992); Daniels v. Florida Unemployment Appeals Comm'n, 531 So.2d 1047 (Fla. 2d DCA 1988); see also Barchoff v. Shells of St. Pete Beach, Inc., 787 So.2d 935 (Fla. 2d DCA 2001).
[3] Rodriguez v. Svinga Bros. Corp., 802 So.2d 455, 456 (Fla. 3d DCA 2001) (citing Benitez v. Girlfriday, Inc., 609 So.2d 665 (Fla. 3d DCA 1992)); Glenn v. Unemployment Appeals Comm'n, 731 So.2d 868, 870 (Fla. 1st DCA 1999) ("Whether an employer has the right to terminate an employee's employment and whether a terminated employee meets the disqualification criteria set out in the unemployment compensation statute are separate issues."); Baptiste; Scardino v. Unemployment Appeals Comm'n, 603 So.2d 549, 551 (Fla. 1st DCA 1992) (citing State Dep't of Gen. Servs. v. English, 534 So.2d 726, 729 (Fla. 1st DCA 1988)).
[4] This court has held that the claimant's testimony alone is substantial, competent evidence that may support the findings of fact made by an appeals referee. Scholastic Book Fairs, Inc. Great Am. Div. v. Unemployment Appeals Comm'n, 671 So.2d 287, 290 (Fla. 5th DCA 1996) ("Since these findings are supported by Smith's testimony at the hearing, and his testimony is `substantial and competent,' that has to be the end of our inquiry as an appellate court.") (footnote omitted).
[5] Jackson; Fanelli v. Unemployment Appeals Comm'n, 711 So.2d 237 (Fla. 5th DCA 1998); Orange Bank v. Unemployment Appeals Comm'n, 611 So.2d 107, 108 (Fla. 5th DCA 1992) ("While the commission has the authority to reverse the findings and conclusions of the appeals referee, the commission may only do so where there is no substantial, competent evidence to support the referee's decision."); Williams v. Unemployment Appeals Comm'n, 608 So.2d 572 (Fla. 5th DCA 1992); Lewis v. Unemployment Appeals Comm'n, 498 So.2d 608 (Fla. 5th DCA 1986); Lake County Sheriff's Dept. v. Unemployment Appeals Comm'n, 478 So.2d 880 (Fla. 5th DCA 1985); see also Tedder v. Florida Unemployment Appeals Comm'n, 697 So.2d 900, 901 (Fla. 2d DCA 1997) (citing Georgia v. Unemployment Appeals Comm'n, 647 So.2d 279 (Fla. 2d DCA 1994)); Miller v. Unemployment Appeals Comm'n, 690 So.2d 752, 753 (Fla. 5th DCA 1997) (citing Rosmond v. Unemployment Appeals Comm'n, 651 So.2d 233 (Fla. 5th DCA 1995)).
[6] We want to make it clear that we do not condone the actions of Anderson in the instant case, and we certainly do not approve of the practice of judicial assistants making decisions whether a violation of probation warrant should be signed.