PER CURIAM.
Fernando F. Matus (“claimant”) appeals an order denying unemployment compensation benefits. We affirm.
According to the findings of the Appeals Referee:
Findings of Fact: The claimant became employed on February 15, 2001, as a line *488 cook and expeditor in the kitchen of the employer, a restaurant. He worked Friday through Tuesday, from 4:00 p.m. to closing, and earned $10.75 per hour. The claimant arrived to work early on July 12, 2003, and took a meal in the restaurant at approximately 3:30 p.m. The general manager observed the claimant and believed that. she noted signs of intoxication. She approached the claimant and told him that she did not want him working that day because of the condition that she observed and told him to go home and return the next day. The claimant cursed and protested that he was able to work. The general manager told the claimant again to “sleep it off and come back tomorrow.” The claimant threw his plate against the wall, turned the table upside down, and went home. The employer discharged the claimant the next day, July 13, 2003, for insubordination.
During the incident there were restaurant patrons at three or four tables in the dining room.
We conclude that this amounted to disqualifying misconduct for purposes of the unemployment compensation statute. See Stahl v. Florida Unemployment Appeals Comm’n., 502 So.2d 78 (Fla. 3d DCA 1987). The fact that the claimant had not yet clocked in on the employee time clock makes no difference to the analysis. See Miller v. Unemployment Appeals Comm’n., 690 So.2d 752 (Fla. 5th DCA 1997) (discharge for misconduct occurring within store while claimant was off duty).
Affirmed.