STONE, J.
The appellant/claimant, Latif A. Girgis, appeals an Unemployment Appeals Commission order affirming the decision of an appeals referee disqualifying Girgis from receiving unemployment compensation benefits because he was discharged from employment for misconduct connected with work. We affirm.
The referee made the following findings:
The claimant was employed full-time as a lift station attendant in the water utilities division. The claimant’s duties required the use of a county vehicle. In mid-2002 the claimant had an accident causing damage to his county vehicle which he did not report as required. On August 18, 2002, with the advice and consent of his union representative and his attorney, the claimant entered into an agreement “in lieu of termination” to resolve the accident problem. The agreement stipulated that the claimant would serve a “10-day (80 hour) suspension without pay” and that “any additional cause for discipline occurring within the next 12 months will be grounds for immediate termination of employment”. The claimant served the suspension period and had no additional problems until April 30, 2003. On that day the claimant, while on duty in his vehicle, made a wide turn to avoid a parked “black Mustang” and hit a 38 inch, six inch diameter concrete, yellow painted post at the side of the road, causing damage to the right side of his county vehicle. The claimant immediately reported the accident and told his supervisor when he arrived at the scene that he had been looking out for the black mustang and did not see the post before he hit it. The supervisor surveyed the scene and determined that the claimant could have seen the post prior to hitting it if he had kept a proper look out as he made the turn. The employer’s risk management team reviewed the matter and on May 8, 2003 determined that the accident was “avoidable”. Upon receipt of this determination the employer again reviewed the matter and on May 28, 2003 the claimant was discharged for violating the terms of the August 18, 2002 agreement by “destruction” of company property in an avoidable accident.
Based on the above, the appeals referee found “that the claimant did not keep a proper lookout at the time of the accident” and that in doing so, he violated his obligations to the employer. The appeals referee concluded that this constituted misconduct.
An employee who is discharged for misconduct is not eligible to receive unemployment compensation benefits. See Anderson v. Unemployment Appeals Comm’n, 822 So.2d 563 (Fla. 5th DCA 2002). Whether Mr. Girgis’ conduct *515 amounted to “misconduct” is governed by section 443.036(29), Florida Statutes (2003), which provides in pertinent part:
“Misconduct” includes:
(a) Conduct demonstrating willful or wanton disregard of an employer’s interests and found to be a deliberate violation or disregard of the standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
We have considered Lyster v. Florida Unemployment Appeals Commission, 826 So.2d 482 (Fla. 1st DCA 2002) (holding that truck driver who was fired due to his involvement in five accidents in a ten-month period was not disqualified from receiving unemployment compensation based on misconduct), and Maxfield v. Unemployment Appeals Commission, 716 So.2d 859 (Fla. 5th DCA 1998) (holding that evidence that driver had been involved in three car accidents in a twelvemonth period did not support a finding that claimant’s acts of misjudgment leading to multiple vehicle accidents constituted misconduct). In some respects, this case is distinguishable from Lyster and Maxfield, because, here, in addition to the previous accident, there was the attempted “cover-up” of that accident, together with Girgis’ entering into the probationary agreement. However, because those cases are otherwise so close, we certify conflict with Lyster and Maxfield, and conclude that each claim of misconduct arising out of an accident or accidents should be resolved on its own merits.
Here, the record supports a finding of misconduct and the employee’s willful disregard of his employer’s interests. The referee did not find Girgis’ story credible, and determined that he was driving without looking where he was going. Girgis’ only excuse for driving off the road, and into a clearly visible yellow post, was that he was trying to avoid a parked car.
We conclude that driving without looking where you are going, particularly after past driving misconduct and other related misconduct resulting in employment probation on the terms agreed to here, meets the willfulness standard of the statute. Although the accident itself is not willful, the misconduct, driving without looking where you are going resulting in damage under the totality of these circumstances, is willful and the commission did not abuse its discretion.
GUNTHER, J., concurs.
TAYLOR, J., dissents with opinion.