TAYLOR, J.,
dissenting.
I respectfully dissent. Though the vehicle accident may have been grounds for firing Mr. Girgis, it was not a sufficient basis for determining that he engaged in “misconduct” within the meaning of section 443.036(29), Florida Statutes (2003). Conduct that provides an employer with sufficient grounds to terminate employment does not necessarily warrant forfeiture of unemployment compensation benefits. See Anderson v. Unemployment Appeals Comm’n, 822 So.2d 563 (Fla. 5th DCA 2002); Barnes v. Unemployment Appeals Comm’n, 717 So.2d 120 (Fla. 4th DCA 1998)(holding that misbehavior serious enough to warrant an employee’s dismissal is not necessarily serious enough to sustain forfeiture of unemployment compensation benefits).
*516 “In defining misconduct, courts are required to liberally construe the statute in favor of the employee. Additionally, awards determinations must be made against the backdrop that the remedial aspect of the unemployment compensation statutory scheme requires a liberal construction in favor of awarding benefits.” Mason v. Load King Mfg. Co., 758 So.2d 649, 655 (Fla.2000) (citations omitted); see also Anderson, 822 So.2d at 566. The disqualifying provisions must therefore be narrowly construed. See Maynard v. Fla. Unemployment Appeals Comm’n, 609 So.2d 143 (Fla. 4th DCA 1992).
In this case, Mr. Girgis and his employer entered into an agreement following the first accident that Mr. Girgis would be subject to immediate termination if he engaged in any activity that caused him to be disciplined within the next twelve months. Almost a year later, Mr. Girgis had another accident. Determining that Mr. Girgis could have avoided the accident had he kept a proper look-out, the employer terminated him pursuant to their agreement. Their agreement, however, does not control whether Mr. Girgis is disqualified from receiving unemployment benefits. See Hall v. Fla. Unemployment Appeals, 700 So.2d 107 (Fla. 1st DCA 1997)(holding that the question of whether an employer has the right to terminate an employee’s employment and the question of whether the terminated employee has engaged in misconduct that meets disqualification criteria set out in the unemployment compensation statute are separate issues).
Here, the referee made a factual determination that Mr. Girgis failed to “keep a proper lookout at the time of the accident.” This finding, at best, establishes that Mr. Girgis was careless or negligent in causing the accident. However, there is nothing in the referee’s factual findings or in the record that justifies a conclusion that his carelessness or negligence was “to a degree or recurrence that manifests culpability, wrongful intent, or evil design or shows an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to his ... employer.” The referee’s factual findings do not support a conclusion that the claimant’s driving conduct demonstrated “willful or wanton disregard” of his employer’s interests or that the claimant committed “a deliberate violation or disregard of the standards of behavior.”
I would follow the reasoning of the first district in Lyster v. Florida Unemployment Appeals Comm’n, 826 So.2d 482 (Fla. 1st DCA 2002), and the fifth district in Maxfield v. Unemployment Appeals Comm’n, 716 So.2d 859 (Fla. 5th DCA 1998). In those cases, the accident rates of the claimants were much worse than Mr. Girgis’s. Lyster had five accidents in a ten-month period, and Maxfield had three car accidents in a twelve-month period. Yet, both courts recognized that these accidents were, in fact, accidents, and that they did not result from reckless or intentional violations of the law. They concluded that the claimants’ misjudgment in these multiple vehicle accidents did not amount to misconduct.
The claimant in this case had only one accident in the previous year, and he promptly reported this second one. He _was not arrested for reckless driving nor issued a traffic citation. While his failure ' to keep a proper lookout may have met the employer’s criteria for discharge, it did not meet the statutory criteria for disqualification from unemployment benefits. His operation of the company vehicle, as determined by the referee, was careless. But it was not misconduct, under the plain language of the statute and the rule of liberal construction favoring employees.
*517 I would therefore reverse the Commission’s order disqualifying Mr. Girgis from receiving unemployment benefits.